UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SAMUEL R. PARKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:02-CV-293 |
| ) | (Phillips/Shirley) |
| BLUE RIDGE FOODS, INC. ) | |
| d/b/a BURGER KING, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 135] of the Honorable Thomas W. Phillips, United States District Judge, for a report and recommendation on the Plaintiff's Motion for Attorneys' Fees [Doc. 127]. For the reasons set forth below, the undersigned **RECOMMENDS** that the Plaintiff Samuel R. Parkey be awarded $99,842.40 in attorneys' fees.

I.  **BACKGROUND**

On June 3, 2002, the Plaintiff Samuel R. Parkey brought this action against the Defendant Blue Ridge Foods, d/b/a Burger King ("Blue Ridge"), alleging race discrimination and retaliation in violation of the Thirteenth Amendment to the United States Constitution as protected by 42 U.S.C. § 1981. The Complaint seeks class action status on behalf of all other persons similarly situated to the Plaintiff. The Plaintiff also brought claims pursuant to the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304, *et seq.* The Complaint alleges that the Plaintiff had a Charge of

Discrimination pending with the Equal Employment Opportunity Commission ("EEOC") but had not yet been given a Notice of Right to Sue from the EEOC. [Doc. 1]. On December 9, 2002, the Court granted the Plaintiff permission to amend his Complaint [Doc. 12]. The Amended Complaint asserts that the Plaintiff had received his Notice of Right to Sue from the EEOC and asserts a claim for race discrimination and retaliation pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* [Doc. 13].

The trial of this matter was scheduled to begin on December 7, 2004. On November 30, 2004, the parties announced to the Court that they had reached a settlement. Pursuant to an Agreed Order [Doc. 123] submitted by the parties and entered by the District Court, the terms of the settlement agreement allowed the Plaintiff to seek an award of attorney's fees and costs from the Court. The defendant agreed not to "object to the petition for attorneys' fees and bill of costs based upon an assertion that the plaintiff is not a 'prevailing party.'" [Id.]. Additionally, the parties agreed that no appeal would be taken from the Court's determination of attorneys' fees and bill of costs. [Id.].

Thereafter, the Plaintiff moved for an award of attorney's fees as a "prevailing party" under Title VII and the THRA. The Plaintiff initially sought an award in the amount of $125,041.50. [Doc. 127]. Plaintiff's initial request was based upon a hourly rate of $225.00 for "experienced attorneys" (i.e., attorneys Dale Montpelier, Katherine Young, and Kevin Fox); $185.00 for "junior attorneys" (i.e., attorney Link Gibbons and Stephen K. Perry); and $90.00 for law clerks and paralegals. In support of the fee petition, the Plaintiff submitted an 73-page invoice [Doc. 127 Ex. A – filed under seal], the Affidavit of attorney Dale Montpelier [Doc. 127 Ex. B], and the Affidavits of Thomas S. Scott, Jr., Cecilia Petersen, and Carol S. Nickle, all attorneys who practice employment law in Knoxville, Tennessee. [Doc. 127 Exs. C, D, E].

2

The Defendants object to the amount of fees requested by the Plaintiff, arguing: (1) that the Plaintiff achieved only limited success; (2) that several time entries relate to the Plaintiff's pursuit of a class action status, which was never requested or granted in this case; (3) that there are time entries that are unclear as to the nature of the entry; (4) that there are multiple entries for depositions where two attorneys attended; (5) that the Plaintiff seeks fees for time spent consulting with experts, when no experts were identified or disclosed; (6) that fees are improperly claimed for time spent representing the Plaintiff and others in unemployment compensation proceedings; (7) that there are numerous duplicated and inflated time entries; and (8) that the rates claimed by the Plaintiff's attorneys are excessive. [Doc. 130]. The Plaintiff filed a lengthy reply brief [Doc. 134], attached to which were a copy of the Settlement Agreement [Ex. A], the Affidavit of attorney Katherine Young [Ex. B], the Second Affidavit of Dale Montpelier [Ex. C], the Affidavit of paralegal Traci A. Waldo [Ex. D], and the Affidavit of the Plaintiff Samuel R. Parkey [Ex. E].

On January 28, 2005, the District Court determined that attorneys Montpelier and Young are entitled to charge $200.00 per hour as "senior attorneys," that attorneys Fox, Gibbons, and Perry are entitled to charge $150.00 per hour as "junior attorneys," and that the law clerks and paralegals may charge $75.00 per hour. All other matters related to the request for fees was referred to the undersigned. [Doc. 135]. In light of the District Court's Order, the Plaintiff filed a supplement to his motion for fees, recalculating the requested fee to seek a total of $113,412.00. [Doc. 139].

## II.   ANALYSIS

### A.   Calculation of Lodestar Fee

3

Under Title VII, a district court has discretion to award the prevailing party "a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k); White v. Burlington Northern & Santa Fe Railway Co., 364 F.3d 789, 804 (6th Cir. 2004). A prevailing plaintiff may also recover attorney's fees under the THRA. See Tenn. Code Ann. § 4-21-311(b).

"'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (quoting Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)). In deciding what constitutes a reasonable fee, the Court begins with determining the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). The District Court has already determined the reasonable hourly rates for attorneys Montpelier and Young ($200.00 per hour), for attorneys Fox, Gibbons, and Perry ($150.00 per hour), and for law clerks and paralegals ($75.00 per hour). Accordingly, the only issue remaining for the undersigned with respect to the lodestar amount is the number of hours reasonably expended in the representation of the Plaintiff.

One of the most important factors for the Court to consider in calculating the lodestar amount is the result obtained.[1] Adcock-Ladd, 227 F.3d at 349. "Where a plaintiff has obtained

---

[1]The Court also may consider the following additional factors in calculating the basic lodestar fee and/or adjustments thereto:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of
> the questions presented; (3) the skill needed to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time
> limitations imposed by the client or the circumstances; (8) the amount involved
> and the results obtained; (9) the experience, reputation, and ability of the

4

excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435, 103 S. Ct. at 1940. The lodestar method, however, "does not solve the problem of excessive hours." Coulter v. Tennessee, 805 F.2d 146, 150 (6th Cir. 1986). Thus, a Court, within its discretion, may reduce the total number of hours claimed if they are unreasonable. Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co., 2003 WL 223082, at *3 (W.D. Tenn. Jan. 28, 2003). "The question is not whether a party prevailed on a particular motion, nor whether, in hindsight, the time expended was strictly necessary to obtain relief achieved; instead, the question is whether a reasonable attorney would believe the work to be reasonably expended in pursuit of success at the time when the work was performed." Id. The Plaintiff has the burden of demonstrating that the amount of hours claimed is reasonable. See Blum v. Stenson, 465 U.S. 886, 897, 104 S. Ct. 1541, 1548, 79 L. Ed. 2d 891 (1984).

    B.    **Defendant's Objections**

        *1.    Limited Success*

Defendant's first objection is that the Plaintiff achieved only "limited success" in this case. Defendant argues that after the filing of the a discrimination charge with the EEOC, but prior to the filing of the Complaint, Plaintiff and his counsel made an initial settlement demand of $65,000, which Defendant rejected. Thereafter, Plaintiff amended his EEOC charge to allege pervasive racial discrimination, which the Defendant contends was "preparatory action to support a class action certification." After the Complaint was filed, Defendant asserts that the Plaintiff

---

    attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Adcock-Ladd, 227 F.3d at 349 n.8 (quoting Reed, 179 F.3d at 471-72 n.3).

engaged in written discovery on five separate occasions, seeking employment records of every employee of the Defendant and other information related to the Plaintiff's pursuit of class action status; that the Plaintiff sought a Protective Order in conjunction with his request for production of documents so that he could examine every employee's file; and that the Plaintiff's counsel spent an enormous amount of time reviewing these files in order to set up a racial profile database. Defendant contends that Plaintiff's counsel spent an enormous time on these activities as part of a "fishing expedition" regarding class action certification, a pursuit which was abandoned two weeks prior to trial. Following two and one-half years of litigation, the Plaintiff made a reduced settlement demand of $28,500, plus attorney's fees and costs, which the Defendant accepted. Considering the Plaintiff's abandonment of the class action certification, as well as the difference between the original settlement demand of $65,000 and the subsequent settlement of the Plaintiff's claims for $28,500, the Defendant argues that the Plaintiff achieved only "limited success" in this case.[2]

Plaintiff counters that the result obtained – $28,500 – is considerable, especially in light of the fact that the Plaintiff was an hourly non-management employee and that the award constituted two years of the Plaintiff's salary. With respect to the class action certification, the Plaintiff agrees that his counsel did not pursue a class action through discovery, but he maintains

---

[2]In support of this argument, the Defendant cites <u>Sheppard v. Riverview Nursing Center, Inc.</u>, 88 F.3d 1332 (4th Cir. 1996) for the proposition that the Court may consider the parties' settlement negotiations in determining whether to grant a plaintiff's motion for attorney's fees. The Court does not agree with the Defendant's interpretation of this case. In <u>Sheppard</u>, the Court held that a court "may consider a plaintiff's *refusal of a settlement offer* as one of several" factors in determining a fee award. <u>Id.</u> at 1337 (emphasis added). Such is not the case here. The original settlement demand made by the Plaintiff was refused by the Defendant. There is no evidence in the record to indicate that the Defendant made an initial settlement demand that the Plaintiff refused.

6

that his counsel's decision not to actively pursue class action certification does not render his settlement a "limited success."

The Court agrees that, under the circumstances, the Plaintiff's settlement should be considered an "excellent result." The amount received by the Plaintiff in settling his claims is equivalent to two years of his salary. Additionally, the Defendant agreed to pay an award of attorney's fees and costs. With respect to class action certification, the Court agrees with the Plaintiff that this was not seriously pursued in litigation, and therefore, the Plaintiff's failure to achieve class action status does not detract from his success in litigating his own discrimination claim. In light of these facts, the Court cannot say that the Plaintiff achieved "limited success" or is otherwise not entitled to a fully compensatory fee.

### 2. *Class Action Nature of the Case*

Defendant next takes issue with the time spent on activities related to class certification. While Plaintiff's counsel has excluded all charges solely related to the class action from the fee invoice, Defendant contends that several remaining entries also relate to the class action aspect of this case, including preparation of EEOC documents alleging class action status; preparation of pleadings alleging class action status; discovery, both in written form and by deposition, of information in support of the Plaintiff's pursuit of class action status; and activity pursuing a Protective Order to secure and examine all of the Defendant's employee's personnel records.

Plaintiff argues that only about 1% of the his counsel's time was spent on the class action aspect of this case, and that what little work that was done on this issue has already been deleted from the fee invoice. With respect to the drafting of the EEOC charge, discovery, and the

7

pursuit of a Protective Order, which Defendant claims are all related to class action issues, Plaintiff contends that these activities were primarily related to the Plaintiff's own case and were inextricably intertwined with the class action issues.

While these activities were arguably relevant and helpful to exploring the class action aspect of this case, the Court finds that these activities were also reasonably related to the Plaintiff's individual claims. Thus, the fact that these pleadings and discovery possibly could have been used for pursuit of a class action does not preclude the Plaintiff from recovering fees for these activities.

### 3. *Multiple Attorneys*

Defendant objects to multiple entries where at least two attorneys from the Plaintiff's counsel's firm attended depositions. Plaintiff counters that the use of two attorneys was proper and reasonable under the circumstances. Specifically, attorney Young states in her affidavit [Doc. 134 Ex. B] that having a second lawyer present during deposition was "critical," as the second lawyer would take notes, listen to questions amidst objections, and assist in forming questions.

As a general rule, the Court believes that the presence of more than one attorney at a deposition is not necessary to adequately protect a client's interest. While the Court does not normally condone the use of multiple attorneys in depositions, given the complexities of the discovery issues in this case, the Court is willing to make an exception to this general rule and permit the Plaintiff to recover fees for two attorneys attending these depositions. Accordingly, the Court will not reduce the fee award on this basis.

### 4. *Expert Witnesses*

Defendant next objects to time spent by Plaintiff's counsel consulting with expert witnesses. Defendant argues that Plaintiff is not entitled to recover fees for this work because

8

Plaintiff never identified any expert witnesses pursuant to Rule 26 or through any written discovery. Plaintiff argues that his attorneys consulted an expert economist for a total of 2.5 hours but ultimately decided not to use him at trial. However, Plaintiff argues, the fact that counsel decided not to use him does not make his services any less valuable to the development of the Plaintiff's case.

The Court finds that counsel's consultation with this expert was reasonable and was reasonably related to the litigation of the Plaintiff's claims. Accordingly, the Court will not strike these entries from the fee invoice.

*5. Unemployment Hearing*

Defendant next objects to those fees claimed for the time counsel spent representing the Plaintiff in his appeal of the denial of his claim for unemployment compensation benefits before the Tennessee Department of Employment Security ("TDES"). For grounds, the Defendant argues that this activity took place before the filing of the Complaint and that it did not involve counsel for the Defendant; therefore, the Defendant argues, the unemployment proceedings were outside the scope of the present litigation. Further, Defendant argues that the unemployment proceedings were a joint hearing, as counsel represented the Plaintiff along with three other former employees of Blue Ridge Foods before the TDES.

Plaintiff responds that the unemployment hearing was "instrumental to the case" and was a "golden opportunity for pre-litigation investigation and discovery." While Plaintiff concedes that counsel represented others in these proceedings as well, he argues that the time spent on the other employees' cases is inextricably intertwined with the Plaintiff's case. Plaintiff acknowledges that should the Court disagree, Plaintiff has no issue with the Court adjusting the time as it sees fit.

9

The Court finds that the unemployment hearing was sufficiently related to the present litigation so that the time may be properly included in the fee award. See Brack v. Shoney's, Inc., 2004 WL 2806495, at *5 (W.D. Tenn. July 29, 2004). The Plaintiff was able to obtain valuable discovery, in particular, the sworn testimony of the person who engaged in the allegedly racist acts, Jack Hudgins. The Court further notes that counsel was not compensated separately for this representation by the Plaintiff. Accordingly, the Court finds that at least a portion of these fees should be recoverable. However, the Court finds that not all of this time should be compensable, as counsel was also representing three others before the TDES at the same time. Since counsel was representing four clients during these proceedings, including the Plaintiff, the Court finds that a reduction by 3/4 (or 75%) of the time billed between August 1, 2001 and August 27, 2001[3] is proper. Accordingly, it is **RECOMMENDED** that a total of $2,476 (11.4 hours of senior attorney time x $200 = $2,280) + (2.8 hours x $70 = $196) = $2,476) be deducted from the fee award.

### 6. *Duplicated, Inflated, and/or Unclear Time Entries*

Defendant argues that counsel's fee invoice contains numerous duplicated entries where two or more attorneys and/or paralegals undertake the same activity or charge for the same meeting, discussion, review or preparation of documents, or the same deposition or court appearance. Defendant further contends that several entries are simply unclear as to the nature of the entry. Finally, Defendant contends that several time entries are exorbitant and inflated, especially considering the activity reported. Specifically, Defendant cites two entries by paralegal Traci Waldo, which state as follows:

---

[3]The Court will deduct 75% from all of the time entries for this time period with the exception of the .20 hours claimed on August 24, 2001, which does not appear to be related to the unemployment proceedings.

10

> Thu Oct 30, 03 - Time Entry - 3.80 hours (paralegal)
> (TAW) Spoke with attorney Young regarding depositions. Spoke with client when he called the office. Spoke with client again when he called the office.
>
> Mon Aug 16, 04 - Time Entry - 2.50 hours (paralegal)
> (TAW) Spoke with client when he called the office. Advised Attorney Montpelier of the conversation.

Defendant also cites the preparation of the Plaintiff's responses to Defendant's interrogatories, for which counsel claims 5.8 hours of time, and entries for the preparation for the deposition of Dewaine Setzer, for which, Defendant asserts, counsel claims a total of 12.50 hours, as examples of such inflated time entries.

Plaintiff argues that his counsel's decision to use two or more attorneys for certain aspects of this case was reasonable and proper. With respect to Ms. Waldo's entries, Plaintiff argues that Ms. Waldo inadvertently omitted other tasks that she performed on the case on those days, and Ms. Waldo has submitted an affidavit detailing these omitted activities. As for responding to the Defendant's discovery requests, Plaintiff argues that the time taken to meet with the client and respond to this discovery was reasonable and necessary. Plaintiff disputes that any of counsel's entries are unclear. Finally, Plaintiff argues that the time entries reflect that counsel spent significantly less than 12 hours preparing for Mr. Setzer's deposition, and that such time was reasonable and necessary.

The Court has carefully reviewed the invoice submitted by Plaintiff's counsel and cannot say that the time spent in preparing for Mr. Setzer's deposition or in responding to the Defendant's discovery requests was excessive. Furthermore, the Court has reviewed Ms. Waldo's affidavit and finds her explanation for the inadvertently omitted time to be satisfactory. The Court therefore will not deduct any time from the fee award on these grounds.

11

The Court does find, however, that there is some duplicative billing by attorneys for multiple review and revision of pleadings and other documents prepared by other attorneys. Furthermore, the Court agrees with the Defendants that the number of interoffice conferences, general discussions among counsel, and strategy meetings was excessive in this case. "Interoffice conferences are the type of inefficiency and duplication of services that may occur in cases where more than one attorney is used." Anglo-Danish Fibre Industries, 2003 WL 223082, at *7 (quoting in part Schultz v. Amick, 955 F. Supp. 1087, 1115 (N.D. Iowa 1997)) (internal quotation marks omitted). In light of the numerous instances of duplicative billing by attorneys for the review and revision of documents by other attorneys, as well as the numerous entries for discussions and meetings among the attorneys and paralegals working on this case, the Court **RECOMMENDS** that the overall fee award be reduced by ten percent (10%). See Cleveland Area Board of Realtors v. City of Euclid, 965 F. Supp. 1017, 1022 (N.D. Ohio 1997) (deducting fee award for 10% for excessive and duplicative work); In re Olson, 884 F.2d 1415, 1429 (D.C. Cir. 1989) (reducing fee award by 10% for excessive number of interoffice conferences and strategy meetings).

Finally, the Court does not find that the time entries cited by the Defendant are so unclear as to warrant striking them from the fee invoice. The Supreme Court has stated that counsel "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." Hensley, 461 U.S. at 437 n.12, 103 S. Ct. at 1941 n.12. The Court finds that the entries made by counsel were sufficient to identify the general subject matter of their time expenditures. Accordingly, no deduction is warranted on this basis.

    7.    *Customary Fee*

Defendant's final objection relates to the hourly fee initially claimed by counsel. In addition to arguing that the hourly rate claimed is excessive, Defendant contends that the Plaintiff's counsel have failed to assert that they did not receive any portion of the settlement amount paid to the Plaintiff, and therefore, "it must be assumed that the plaintiff's counsel received a contingent fee from those settlement proceeds."

Defendant's argument that the hourly rate claimed is excessive has already been addressed by the District Court. <u>See</u> Doc. 135. With respect to Defendant's second argument, Plaintiff states that counsel has not received any portion of the Plaintiff's settlement proceeds as a fee. Accordingly, a further reduction of the fee award is not warranted on this basis.

## III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED**[4] that Plaintiff's Motion for Attorneys' Fees [Doc. 127] be **GRANTED** and that the Plaintiff Samuel R. Parkey be awarded fees as follows:

| | |
|---|---|
| *Senior Attorneys* | |
| *(402.90 hours - 11.40 hours x $200.00)* | $ 78,300.00 |
| *Junior Attorneys (86.30 hours x $150.00)* | 12,945.00 |
| *Paralegals/Law Clerks* | |
| *(284.10 hours -2.80 hours x $70.00)* | 19,691.00 |
| *Subtotal* | $110,936.00 |
| *10% Reduction for Excessive Interoffice Conference, Duplicative Billing* | (11,093.60) |
| ***TOTAL*** | *$99,842.40* |

**ENTER:**

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).